UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GEORGE ANTHONY DiMAURO,       )
                              )
        Plaintiff             )
                              )
v.                            )   No. 2:14-cv-398-DBH
                              )
BARACK HUSSEIN OBAMA,         )
President of the United States, )
                              )
        Defendant             )

### ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS
### AND RECOMMENDED DISMISSAL

George Anthony DiMauro has filed a handwritten complaint on a copy of a sample civil complaint (ECF No. 1) and an application to proceed *in forma pauperis*, also on a copy of a sample form (ECF No. 3). I grant the application and recommend that the case be dismissed under 28 U.S.C. § 1915(e)(2)(b).

### I.  IFP Application

The plaintiff has filled out the *in forma pauperis* application in detail. He reports monthly income of $755 from federal and state government sources, and a total income of $9,733 from these sources over the 12 months immediately preceding October 7, 2014, when the application was signed. Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) at [1]-[4]. The plaintiff also reports that he owns a 2012 Ford Fusion automobile, which he thinks may have a value of $13,000 and which was apparently purchased with a monetary gift, and debts totaling approximately $7,000. He indicates that he has a negative amount of money "in cash or in a checking or savings account." *Id.* at [4].

The plaintiff does not have enough money to pay the $400 filing fee to initiate this case. Accordingly, I grant his application to proceed *in forma pauperis* subject to the following recommended decision regarding summary dismissal.

## II. Application of 28 U.S.C. § 1915(e)(2)(B)

With regard to a proceeding *in forma pauperis* such as this one, federal law mandates the following procedure: "[T]he court shall dismiss the case at any time if the court determines that -- . . . (B) the action . . . -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.") "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The complaint filed by the plaintiff is difficult to parse. In response to Section II, Statement of Claims, Question 1 on the sample complaint, "When did the events occur?" the plaintiff writes, "Before the foundation of the world." Pro Se Civil Complaint (ECF No. 1) at [3]. In response to Question 2, "What happened?" he cites a passage from the Bible, Deuteronomy 33:20, 21, and states "My birth pertaining to the fulfillment of this prophecy . . . ." *Id*. at [3]. He then identifies his place and date of birth and his parents and their places and dates of birth, but nothing else. *Id.*

As a basis for this court's jurisdiction, in Section III, Statement of Jurisdiction, after checking most of the alternatives listed on the sample form, the plaintiff adds several references to the Bible and writes:

> [']And of Gad he said[']: Gad is me George Anthony DiMauro, that Gad of Dt. 33:20, 21. * There also was and is (in heaven) a man: one of Jacob's son[]s that was named Gad. However, this pro[p]hecy pertains to me Geo. A. DiMauro, and <u>all</u> the living and dead past present and future.

*Id*. at 5 (asterisk and emphasis in original). Under the heading "State briefly what you want the court to do for you," the plaintiff writes:

> Hear my case; other than that I'm not sure. I don't know at this precise moment. However, I believe, I know and I'm assured I've won this court case and my identity as being the person born in the fulfillment of the pro[p]hecy of Dt. 33:20, 21 will be vindicated and justified and revealed all over the planet.

*Id*. at [6].

This is not relief that it is within the power of this secular court to grant. I have no doubt that the plaintiff is sincere in his statements and beliefs, but he has not stated a claim upon which relief may be granted by this court. Simply because the plaintiff believes that his allegations are real does not mean that the case ought not to be dismissed as frivolous or for failure to state a federal claim. Other courts have arrived at the same conclusion concerning similar allegations. *See, e.g., Cuttino v. United States*, Civil Action No. 3:09CV-664-H, 2009 WL 3856027, at *2 (W.D. Ky. Nov. 27, 2009); *Hastey v. Bush*, No. Civ.A. 503CV0088C, 2003 WL 22289885, at *1, *4, *6 (N.D. Tex. Oct. 6, 2003).

### III. Conclusion

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and I recommend that this action be **DISMISSED** with prejudice.

3

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of October, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge